

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-67,646-04

### EX PARTE ALBERT CHARLES MCKINNEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 20260-D IN THE 336TH DISTRICT COURT FROM FANNIN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felony driving while intoxicated and sentenced to imprisonment.

Applicant raises a time-credit claim, arguing that 6 months and 17 days has been added to his sentence. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Spann*, 132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit addressing Applicant's claim that he is being denied time credit on his sentence. The affidavit shall also indicate whether Applicant has submitted the claim to the time credit resolution system of TDCJ, and if so, the date when the claim was submitted.

The trial court shall make findings of fact and conclusions of law as to whether Applicant has properly exhausted his administrative remedies as required by TEX. GOV'T CODE § 501.0081(b)-(c). The trial court shall then make findings and conclusions as to whether Applicant is receiving the proper amount of time credit on his sentence. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: January 30, 2019
Do not publish